UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Respondent, | ) ) ) No. 6:11-CR-84-GFVT-REW |
| v. | ) No. 6:16-CV-123-GFVT-REW ) |
| JASON FOX, | ) RECOMMENDED DISPOSITION ) |
| Defendant/Movant. | ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 9, 2016, Jason Fox wrote a letter to the Court, which the District Judge construed as a *pro se*[1] Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. DE ##111 (Order); 112 (Motion). The standard case referral sent to the matter to the undersigned. The Court perceived deficiencies in the construed motion and ordered Fox to submit a corrected § 2255 motion responsive to the identified concerns. DE #114 (Order). Fox timely did just that. DE #115 (Amended Motion).

Per Rule 4 of the Rules Governing Section 2255 Proceedings, the Court has conducted its initial review of the motion and amended motion. Based on the Court's initial consideration, it "plainly appears from the motion[s] . . . and the record of prior proceedings that [Fox] is not entitled to relief[.]" Rule 4(b). Accordingly, the Court

---

[1] *Pro se* petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

1

**RECOMMENDS** that the District Court **SUMMARILY DISMISS** DE ##112 and 115 and **DENY** a Certificate of Appealability.

I.     **Relevant Factual and Procedural Background**

On December 14, 2011, a grand jury indicted Fox and a Co-Defendant on three counts related to armed bank robbery and firearms. *See* DE #1 (Indictment). The grand jury returned a Superseding Indictment on February 23, 2012, charging eight total counts, centered on a set of bank robberies and various gun-related allegations. DE #34 (Superseding Indictment). The grand jury later returned a second Superseding Indictment, charging eight similar counts. DE #51 (Second Superseding Indictment).

Fox pleaded guilty to Counts 1-5 of the second Superseding Indictment, as well as two counts contained in an information from the Eastern District of Tennessee,[2] and the Court sentenced him (in a unified proceeding on all counts of conviction) on September 26, 2013. DE #92 (Minute Entry). All counts of conviction addressed bank robbery. Defendant received a total 240-month prison sentence, followed by a total 5-year term of supervised release. DE ##94 (Judgment); 99 (Amended Judgment). Fox did not appeal. On June 9, 2016, Fox filed the construed § 2255 motion, purportedly premised on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which he later amended. The matter is ripe for screening.

II.    **Analysis**

The Court conducts a preliminary review of § 2255 motions:

The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must

---

[2] Whether via Rule 20 or other mechanism, the United States and Fox agreed to resolve the E.D. Tenn. matters within the E.D. Ky. case. *See United States v. Jason Fox*, case no. 6:13-CR-33-GFVT (E.D. Ky.).

2

>dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b). Summary dismissal is appropriate for "wholly conclusory or frivolous" claims, *Sappington v. United States*, 76 F.3d 379, 1996 WL 28819, at *1 (6th Cir. Jan. 24, 1996) (table), or "vague and conclusory allegations." *United States v. Mercer*, 289 F. App'x 481, 482 (3d Cir. 2008); *see also United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) ("Under [the Rule 4(b)] standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." (internal quotation marks and citation omitted); *United States v. Redhead*, No. CR-IO-81-GF-SEH, 2012 WL 3039823, at *1 (D. Mont. July 23, 2012) (quoting Advisory Committee Note, Rule 4, Rules Governing § 2254 Cases: "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."). However, motions stating a factual basis that show "a real possibility of constitutional error" should not be dismissed on initial review. *Redhead*, 2012 WL 3039823, at *1 (quoting *Calderon v. United States Dist. Ct.*, 98 F.3d 1102, 1109 (9th Cir. 1996)). If a court dismisses under Rule 4(b), the court should "enumerate the issues raised by the movant, specify that each is being summarily dismissed in accordance with the rule, and explain the legal grounds for that action." *Doss v. United States*, 977 F.2d 580, 1992 WL 289587, at *1 (6th Cir. Oct. 14, 1992) (table) (quoting *United States v. Counts*, 691 F.2d 348, 349 (7th Cir. 1982) (*per curiam*)).

In the instant motion, Fox states a sole (in his phrasing, "one and only," *see* DE #115, at 11) ground for relief—that his "criminal history was enhanced four points due to

3

burglary conviction[s] in state court[.]" DE #115, at 4. Fox clarified that his "claim is that new laws are redefining burglary convictions. . . . I believe that in light of the Johnson case and any others that are or may become relevant to this issue that my case should be looked at again. In particular my criminal history scoring. These prior burglary convictions were nonviolent offenses and no one was home." *Id.* (all as in original). He particularly seeks a criminal history score reduction from 13 to 9 and resentencing. *Id.* at 12. For the following reasons, the poorly developed claim is wholly without merit. Accordingly, the Court does not direct further proceedings but instead recommends dismissal under Rule 4(b).

*Johnson* held unconstitutional the residual clause of the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(1) and its definitions). 135 S. Ct. at 2563.[3] Here, the Court did not sentence Fox under the ACCA at all (much less utilizing its residual clause). Fox fully recognizes this: "I wasn't considered A.C.C.A." DE #115, at 9. Instead, Fox violated bank robbery statutes, 18 U.S.C. § 2113(a) & (d). *See* DE #99 (Amended Judgment). Further, Fox did not qualify for, and the Court did not apply, the career offender Guideline (thus, again, not using its residual clause either). *See* U.S.S.G. §§ 4B1.1 & 4B1.2; PSR (filed contemporaneously with this Recommendation) (not containing any reference to or reliance on the career-offender qualification); *United States v. Pawlak*, 822 F.3d 902, 907 (6th Cir. 2016) (applying "*Johnson*'s rationale . . . with equal force to the Guidelines' residual clause"). Fox—sentenced neither under the ACCA nor the career offender Guideline—obviously presents no direct *Johnson* issue. *See, e.g.*, *Carter v. United States*, No. 1:15-CV-1196, 2016 WL 3027197, at *3 (W.D.

---

[3] "*Johnson* is retroactive in cases on collateral review[.]" *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Mich. May 27, 2016) (*Johnson* and *Pawlak* "do not apply because Movant[, who violated only 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(iii),] was not sentenced under the residual clause of the career-offender guideline.").[4]

Fox's proposed twist—that *Johnson*, by allegedly "redefining burglary," impacts his "criminal history scoring"—is, here at least, untenable. Essentially, Fox murkily asks for an "additional four criminal history points" to be "reviewed due to the vagueness of the burglary convictions." DE #115, at 9. Fox seeks review *only* of the criminal history points added due to state court burglary; he targets no other prior conviction.

Fox's motion, in many ways, fundamentally misapprehends the import and scope of *Johnson*. *Johnson* did not redefine burglary or suggest that any prior burglary conviction(s) may be void for vagueness. Rather, *Johnson* held only that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. To be sure, this invalidation of the ACCA's residual clause has impacted the qualification of *some* prior burglary convictions as proper ACCA predicates in *some* defendants' cases. The Court here particularly evaluates *Johnson*'s impact on Fox's criminal history calculation.[5]

Under U.S.S.G. § 4A1.1, the Court adds 3 criminal history points for "each prior sentence of imprisonment exceeding one year and one month" and 1 criminal history point (up to a total of 3) "for each prior sentence resulting from a conviction of a crime of

---

[4] The Court considered whether to secure rearraignment and/or sentencing transcripts; ultimately, given the clarity of the analysis and the inarguable lack of merit in Fox's claim, the Court elected against record supplementation.

[5] The underlying assumption of Fox's motion is that the *Johnson* principle applies retroactively to the Guidelines' residual clause, via § 4A1.1(e)'s cross reference to the § 4B1.2(a) definition. That question, however, remains open. *See Beckles v. United States*, ___ S. Ct. ___, No. 15-8544, 2016 WL 1029080, at *1 (U.S. June 27, 2016) (granting *certiorari* to address this issue). Fox's motion fails, even assuming *Johnson* applies retroactively to the Guidelines.

violence that did not receive any points . . . above because such sentence was counted as a single sentence[.]" §§ 4A1.1(a) & (e). Here, the PSR indicates a 2004 second-degree burglary conviction for which Fox received 5 years in prison, adding 3 criminal history points. *See* PSR, at ¶ 80. The PSR also indicates two other burglary second convictions, each sentenced the same date, for which Fox received 1 criminal history point each. *See* PSR, at ¶¶ 81-82. Fox does not specifically explain, in any way, how or why *Johnson* impacts the addition of these 5 criminal history points (and, in fact, he only claims an entitlement to relief from 4 points).

The ¶ 80 3-point addition resulted from a straightforward application of § 4A1.1(a), which *Johnson* did not impact in any way. *See, e.g.*, *United States v. Stallings*, Nos. 12-20066-28-KHV, 16-2302-KHV, 2016 WL 4000919, at *2 (D. Kan. July 26, 2016) ("Defendant argues that based on the reasoning in *Johnson*, this Court improperly relied on 'prior State convictions' to over-represent his criminal history under the Guidelines. . . . In sum, because the Court did not rely on any Guidelines provision which requires a conviction of a 'violent felony' or other similar convictions, *Johnson* has no potential impact in this case."); *Mendez-Hernandez v. United States*, Nos. 1:16-cv-102, B-15-cr-773-1, 2016 WL 3911088, at *3 (S.D. Tex. June 17, 2016) ("Sections . . . 4A1.1(a)-(c) . . . of the United States Sentencing Guidelines do not contain, or incorporate, any clauses resembling the clauses recently found unconstitutional in *Johnson*[.]"); *cf. United States v. Ford*, No. 3:13CR163, 2016 WL 3661312, at *3-*4 (E.D. Va. July 1, 2016) (not perceiving any connection between *Johnson* and improper-Guideline-calculation claims). The ¶ 80 conviction resulted in a sentence of

6

imprisonment exceeding one year and one month; adding 3 points was proper and had nothing to do with the subject matter of *Johnson*.

Paragraphs 81-82, however, specifically and solely invoke § 4A1.1(e) as the basis for the 1-point additions. That subsection requires the addition of 1 point "for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was counted as a single sentence[.]" "For the purposes of § 4A1.1(e), the definition of 'crime of violence' is that set forth in § 4B1.2(a)." U.S.S.G. § 4A1.2(p); *see also* § 4A1.1 app. note 5. *Pawlak* invalidated § 4B1.2(a)'s residual clause definition of "crime of violence," incorporated by reference in § 4A1.1(e), so Fox could—theoretically at least—have a *Johnson*-based claim relative to these two criminal history points.

However, here, both ¶¶ 81 and 82 concerned Kentucky second-degree burglary (KRS 511.030) convictions. Kentucky second-degree burglary categorically counts as a crime of violence under § 4B1.2(a)(2)'s enumerated offenses clause as a generic burglary. *United States v. Douglas*, 242 F. App'x 324, 331 (6th Cir. 2007); *United States v. Jenkins*, 528 F. App'x 483, 484-85 (6th Cir. 2013); *see also United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015); *United States v. Walker*, 599 F. App'x 582, 583 (6th Cir. 2015). Because these two convictions are crimes of violence without resorting to analysis under the invalidated residual clause, Fox in actuality raises no true *Johnson* issue.

Additionally, although Fox raises no consequential issue and this subject matter is foreign to *Johnson*, the PSR properly treated the ¶¶ 81 and 82 matters to be "counted as a single sentence," per §§ 4A1.1(e) and 4A1.2(a). "If there is no intervening arrest," section

7

4A1.2(a)(2) instructs, "prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." Any "prior sentence covered by (A) or (B)" is "a single sentence." *Id.* Here, (B) covers the ¶¶ 81 and 82 matters because sentence was imposed for those convictions on May 6, 2005, although separate Indictments charged the crimes.[6] Accordingly, the ¶¶ 81 and 82 matters were properly treated as a single sentence, leading to application of § 4A1.1(e)'s 1-point addition per conviction. *See* § 4A1.1 app. note 5 (noting, in an example that applies here: "For example, a defendant's criminal history includes two robbery convictions for offenses committed on different occasions. The sentences for these offenses were imposed on the same day and are counted as a single prior sentence. *See* § 4A1.2(a)(2). If the defendant received a five-year sentence of imprisonment for one robbery and a four-year sentence of imprisonment for the other robbery (consecutively or concurrently), a total of 3 points is added under § 4A1.1(a). An additional point is added under § 4A1.1(e) because the second sentence did not result in any additional point(s) (under § 4A1.1(a), (b), or (c)).").

In sum, there was nothing improper about adding the 5 criminal history points Fox criticizes. *Johnson* in no way affects the ¶ 80 addition, and the ¶¶ 81 and 82 additions validly applied without resorting to analysis under the invalidated residual clause, making *Johnson* here irrelevant. Because Fox raises no true *Johnson* claim, the motion (filed 2+ years after the Amended Judgment) is likely time (or otherwise procedurally[7]) barred, *see*

---

[6] Paragraphs 81 and 82 appear to be connected, in some way, with ¶ 80, but sentence was imposed on the ¶ 80 matter on May 5, 2005, the day prior to the other two. Only adding one criminal history point for each of 81 and 82 is, if anything, the most favorable outcome for Fox.

[7] For instance, Defendant did not object to the PSR at the time of sentencing, *see* PSR, at 24; DE #92 (Sent. Minute Entry noting no objections to be resolved), and he did not

28 U.S.C. § 2255(f), but even if the Court considered it substantively, the filing fails as patently meritless. Accordingly, at this stage, the Court recommends dismissal only based on the motion's obvious substantive frivolity. *Johnson* and the related cases do not affect Fox's criminal history scoring or categorization.

### III.     Certificate of Appealability

A certificate of appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a certificate of appealability should issue, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604. Fox's motion, staked infirmly on *Johnson*, presents no issue of reasonable debate per the applicable standards. Fox presented a motion upon which the

---

present any argument concerning criminal history calculation on appeal (indeed, he did not appeal at all). Fox's Plea Agreement also contains a collateral attack waiver. DE #86, at ¶ 6. The AEDPA limitations period expired long ago. The Court simply notes, without reliance on any, the series of other fatal arguments Fox likely would face.

Court plainly cannot afford relief, as dismissal on Rule 4(b) screening indicates. Thus, no basis exists for issuance of a Certificate of Appealability.[8]

IV.     **Recommendation**

Accordingly, the Court **RECOMMENDS** that the District Court **SUMMARILY DISMISS** DE ##112 and 115 and **DENY** a Certificate of Appealability.

\*     \*     \*     \*     \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

---

[8] Fox does not request an evidentiary hearing. Nevertheless, the Court must hold one unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Further, no hearing is necessary "where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (internal quotation marks removed). Fox's claim(s) do not warrant a hearing; the § 2255 motion filings and record of the case conclusively show, for the reasons stated above, that Fox's claims fail. There are no contested factual issues that justify a hearing; Fox's motion focuses solely on the legal effect of *Johnson* on his criminal history score. The record, which needs no further development, and the law foreclose relief.

10

To the extent required, this Recommended Disposition gives Movant explicit prior notice of the recommendation of dismissal, made under Rule 4(b). *Cf. Shelton v. United States*, 800 F.3d 292, 294-96 (6th Cir. 2015) (discussing Rule 4(b) dismissal on timeliness grounds and stating: "Not only is a notice requirement compatible with the rule, it also promotes accuracy at the screening stage[.] . . . A notice requirement gives petitioners the opportunity to bring essential information not evident from the face of the motion to the court's attention[.]"); *Persinger v. Warden*, No. 2:15-cv-2653, 2015 WL 5385005, *3 (S.D. Ohio Sept. 14, 2015) (providing express notice of right to object to recommended summary dismissal of § 2254 petition on timeliness grounds to comply with notice requirement outlined in *Shelton*). If Movant has arguments to make in opposition to dismissal, he must properly object and present those arguments to the District Judge.

This the 4th day of August, 2016.

Signed By:
Robert E. Wier /s/ REW
United States Magistrate Judge