UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 11-cr-84-GFVT-REW |
| Plaintiff/Respondent, ) | Related Civil No. 16-cv-123-GFVT-REW |
| ) | |
| V. ) | |
| ) | **ORDER** |
| JASON FOX, ) | |
| ) | |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court pending review of the Recommended Disposition of United States Magistrate Judge Robert E. Wier, filed on August 4, 2016. [R. 116.] Consistent with local practice, the Magistrate's Recommended Disposition addresses Jason Fox's construed writ of habeas corpus under 28 U.S.C. § 2255. Before issuing his recommendation, Judge Wier considered the underlying record, Fox's initially construed § 2255 petition, and Fox's amended petition.

Judge Wier's Recommended Disposition concludes that Mr. Fox is not entitled to the relief sought. Specifically, Judge Wier found that Fox did not truly raise a claim pursuant to *Johnson v. United States*, 135 S. Ct. 2251 (2015), and that even if his motion was not barred procedurally, it would be substantively meritless. [R. 116 at 8-9.] In light of these conclusions, Judge Wier recommended the Court deny a certificate of appealability. [*Id.* at 9-10.] Finally, Judge Wier directed the parties to 28 U.S.C. § 636(b)(1) and advised the parties that any objections must be filed within fourteen (14) days of service. [*Id.* at 10-11.]

In order to receive *de novo* review by this Court, any objection to a recommended

disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the recommendation is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Recommended Disposition are also barred from appealing a district court's order adopting that Recommended Disposition. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

As of this date, neither Mr. Fox nor the Government has filed objections or sought an extension of time to do so. Although the Court concludes that neither party has filed objections to the Recommended Disposition within the appropriate time period, the Court has still considered the record and ultimately agrees with the Magistrate Judge's recommendation. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Fox's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. The Magistrate's Recommended Disposition [R. 116] as to Jason Fox is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Fox's initial § 2255 petition [R. 112] and amended petition [R. 115] are **DENIED;**

2

3. A Certificate of Appealability is **DENIED**; and

4. **JUDGMENT** is entered in favor of the United States and Civil No. 6:16-cv-123-GFVT-REW will be **STRICKEN** from the Court's active docket.

This the 31st day of August, 2016.

Gregory F. Van Tatenhove
United States District Judge